UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVYN L. CHRISTIE,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | Case No. CV 10-3448-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal from a decision by Defendant Social Security Administration ("the Agency"), denying her application for Disability Insurance benefits ("DIB"). Plaintiff claims that the Administrative Law Judge ("ALJ") erred when she discounted the treating physician's opinion and when she found that Plaintiff was not credible. For the reasons explained below, the Court agrees and remands the case to the Agency for an award of benefits.

## II. SUMMARY OF PROCEEDINGS

On December 22, 2004, Plaintiff applied for DIB, alleging that she became disabled on April 2, 2004, due to fibromyalgia, cervical

radiculopathy, herniated discs, and depression. (Administrative Record ("AR") 54, 69.) Her claim was denied initially and on reconsideration. She then requested and was granted a hearing before an ALJ. The ALJ held two administrative hearings, one on March 28, 2007, and the other on August 29, 2007. (AR 414-32, 433-53.) On October 25, 2007, the ALJ issued a decision denying benefits. (AR 13-18.) Plaintiff appealed to the Appeals Council, which denied review. She then filed an action in this court. While the action was pending here, the Agency stipulated to a remand to allow the ALJ to reconsider her credibility finding and to also consider lay testimony from Plaintiff's mother. (AR 486-88.)

On remand, the ALJ held another hearing and considered additional evidence. (AR 711-29.) On February 5, 2010, she issued a decision, again finding that Plaintiff was not disabled and denying her claim for benefits. (AR 457-64.) This appeal followed.

### III. DISCUSSION

#### A. The Treating Physician's Opinion

The ALJ rejected Plaintiff's treating physician's opinion that Plaintiff was too disabled to work. Plaintiff claims that that finding was in error. For the reasons explained below, the Court finds that the ALJ erred.

"By rule, the [Agency] favors the opinion of a treating physician over non-treating physicians." Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007); see also Morgan v. Comm'r, 169 F.3d 595, 600 (9th Cir. 1999) (explaining that a treating physician's opinion "is given deference because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual'" (quoting Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987))). For

2

this reason, a treating doctor's opinion regarding a claimant's medical condition that is well-supported and not inconsistent with other substantial evidence in the record will be given controlling weight. *Orn*, 495 F.3d at 631; *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988). That being said, however, an ALJ may reject a treating doctor's opinion that is contradicted by another treating or examining doctor's opinion for specific and legitimate reasons that are supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (quoting *Magallanes v. Bowen* 881 F.2d 747, 751 (9th Cir. 1989)); *Morgan*, 169 F.3d at 600.

Plaintiff's treating physician, Dr. Van Vu, diagnosed Plaintiff with fibromyalgia (which he generally referred to as myofascial pain syndrome) and degenerative disc disease of the lumbar spine. (AR 372-85.) In Dr. Vu's opinion, as a result of her condition, Plaintiff was too incapacitated to work. For example, he believed that she was unable to sit or stand for more than one hour. (AR 374.) The ALJ rejected Dr. Vu's opinion on the ground that it was not "consistent with the objective findings or the record as a whole . . . or the objective evidence." (AR 16, 462.) This is not a specific or a legitimate reason to reject a doctor's testimony. To begin with, it is too generalized. *See Embrey*, 849 F.2d at 421 ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim."). General findings like this do not allow the parties and the Court to understand what the ALJ was basing her decision on and leaves us simply guessing.

3

The Agency, essentially, concedes this point in its portion of the brief. In setting forth its understanding of what the ALJ meant when she concluded that Dr. Vu's opinion was not supported by the evidence, it merely cites the entire 2007 and 2010 decisions. (Joint Stip. at 15.) Like the Court, it is unable to specifically identify the basis for the ALJ's ruling.

In addition to not being specific enough, the lack of objective medical evidence is not a legitimate reason for discounting Dr. Vu's opinion. Fibromyalgia is a unique disease that "is diagnosed entirely on the basis of patients' reports of pain and other symptoms." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). As a result, the Ninth Circuit has held that an ALJ may not reject a treating doctor's diagnosis of fibromyalgia merely because there is no objective evidence to support it. *See id.* at 594 ("The ALJ erred by effectively requiring objective evidence for a disease that eludes such measurement." (alteration and quotation marks omitted)).

Third, there is some objective evidence in the record supporting Dr. Vu's fibromyalgia diagnosis. Dr. Vu noted in a Fibromyalgia Questionnaire that he filled out in connection with this case that Plaintiff exhibited "superficial point tenderness" in her legs, arms, and back. (AR 380.) Though he does not describe in detail the points that he probed--the standard protocol appears to involve 18 points--or the results of each, his findings still amount to objective evidence that Plaintiff suffers from the disease. *See Contreras v. Astrue*, 378 Fed. App'x 656, 657-58 (9th Cir. 2010).

Finally, Dr. Vu was not the only doctor to diagnose Plaintiff with fibromyalgia. Dr. Sakaria, another of Plaintiff's treating doctors, and Dr. Tamiry, an examining doctor hired by the Agency, also

found that Plaintiff had fibromyalgia. (AR 266, 683-90.) For these reasons, the ALJ's finding that Dr. Vu's opinion was not entitled to deference because it was not supported by the evidence is rejected.[1]

### B. The Credibility Determination

The ALJ also found that Plaintiff was not credible. (AR 462-63.) Plaintiff argues that the ALJ erred in reaching this conclusion. For the following reasons, the Court finds that the ALJ's reasons for rejecting Plaintiff's testimony were not proper.

ALJs are tasked with judging the credibility of witnesses. In making credibility determinations, they employ ordinary credibility evaluation techniques. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Where a claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce the symptoms alleged and there is no evidence of malingering, the ALJ can only reject the claimant's testimony for specific, clear, and convincing reasons that are supported by substantial evidence in the record. *Id.* at 1283-84; *Thomas*, 278 F.3d at 959.

The ALJ found that Plaintiff was not credible because:
> Although the claimant's testimony and statements of record would indicate she is extremely limited in functioning due to chronic pain, the allegations are not consistent with the record as a whole. The allegedly limited activities and symptoms cannot be objectively verified with any degree of certainty. To the contrary, the allegations contrast

---

[1] As to Dr. Vu's opinion regarding Plaintiff's degenerative disc disease, there is objective evidence supporting this diagnosis, including x-rays, MRIs, and nerve conduction studies. (AR 188, 219-20, 227, 248-49, 350.)

>sharply with the objective medical documentation discussed in the decisions which failed to corroborate the asserted functional restrictions. Her description of activities, set forth above, reflect[s] significant function, both physically and mentally. An overview of the record also confirms that the claimant's medical treatment has been generally conservative, to include medications and periodic follow[-]up care, and notes that the claimant is stable.

(AR 463.)

As the Court sees it, the ALJ had three reasons for questioning Plaintiff's sincerity: (1) Plaintiff's claims of disabling pain were inconsistent with the medical record and were not supported by objective medical evidence; (2) Plaintiff's ability to perform various daily activities undermined her claim that she was significantly limited, both physically and mentally; and (3) Plaintiff's medical treatment had been conservative, including pain medication and follow-up care, and her doctor listed her condition as stable. (AR 463.) The Court addresses each in turn.

The ALJ's finding that the Plaintiff's claims were inconsistent with the medical record and not supported by the medical evidence is not a valid reason for discounting her testimony because it is too general. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."); *see also Vazquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009) (holding inadequate ALJ's finding that applicant's claims were not credible because they were "not consistent with the objective medical evidence."). This is particularly true in this case

6

where Plaintiff suffers from fibromyalgia, which "is diagnosed entirely on the basis of patients' reports of pain and other symptoms." *Benecke*, 379 F.3d at 590. As the medical expert explained at the 2010 administrative hearing, Plaintiff has a condition that causes pain, which is "individualized," i.e., everyone senses it differently. (AR 720-21.) As such, the ALJ's finding that Plaintiff's claims of debilitating pain stemming from her fibromyalgia were incredible because there was no objective evidence to support them is rejected.

The ALJ's second reason for rejecting Plaintiff's testimony--that her claims of debilitating pain were inconsistent with her daily activities--is no more convincing. Plaintiff testified at the 2010 administrative hearing that she was practically incapacitated and that she barely left the house anymore. (AR 724.) She claimed that the pain was unbearable, making it difficult for her to drive, to write, and to concentrate. (AR 724.) Though in early statements that she submitted she acknowledged that she was driving and doing some chores around the house, (AR 85-92), none of these activities was to the level that would justify a finding that she was being untruthful when she claimed that she could not sustain a 40-hour work week. *See Saunders v. Astrue*, 2011 WL 1807395, at *1 (9th Cir. May 12, 2011) (reversing ALJ's finding that claimant's testimony that she was incapacitated was incredible based on fact that she could perform limited number of household chores); and *Reddick v. Chater*, 157 F.3d 715, 723 n. 1 (9th Cir. 1998) (noting that limited cooking, cleaning, and shopping are not indicative of an ability to engage in sustained work activity).

7

|     |     |
| --- | --- |
| 1   | Finally, the ALJ's third reason for rejecting Plaintiff's claims- |
| 2   | -that her care was conservative--is also not a convincing reason for |
| 3   | questioning her credibility.  Plaintiff suffers from two ailments, |
| 4   | degenerative disc disease and fibromyalgia.  As to her degenerative |
| 5   | disc disease, she tried many different treatment modalities, including |
| 6   | narcotic pain medication, steroid injections, trigger point |
| 7   | injections, epidural shots, and cervical traction.  (AR 186-88, 255- |
| 8   | 56, 340-42.)  Though these modalities may not be the most aggressive |
| 9   | available, like surgery, for example, they are certainly not what the |
| 10  | Court would categorize as conservative.  See, e.g., Huerta v. Astrue, |
| 11  | 2009 WL 2241797, at *4 (C.D. Cal. July 22, 2009) (rejecting ALJ's |
| 12  | finding that claimant's pain management treatment, including epidural |
| 13  | steroid injections, constituted conservative treatment and citing |
| 14  | cases).  Further, there is no evidence that more aggressive treatment |
| 15  | would have resolved Plaintiff's back pain and that she refused to |
| 16  | undergo that treatment.  In fact, her doctors recommended that she |
| 17  | manage her condition conservatively.  (AR 188.)  And the medical |
| 18  | expert who testified in the 2010 administrative hearing agreed with |
| 19  | Plaintiff's counsel that Plaintiff "had some pretty strong pain |
| 20  | treatment" with prescription medication designed for moderate to |
| 21  | severe pain.  (AR 719-20.) |
| 22  | As to the "conservative" treatment of her fibromyalgia, there is |
| 23  | no evidence in the record nor is the Court aware of any evidence |
| 24  | outside the record that suggests that Plaintiff's treatment was |
| 25  | conservative, as opposed to some other more aggressive treatment used |
| 26  | to treat this disease, which she refused.  Rather, it appears from the |
| 27  | record that pain management was the only course recommended by her |
| 28  | doctors.  (AR 503-80.)  Further, the fact that Plaintiff's doctor |

8

categorized her condition as "stable" is not relevant to the credibility analysis. "Stable" means unchanging. *Webster's New World Collegiate Dictionary*, 4th Ed. (2006). It does not signify that Plaintiff's doctor believed that her condition was not serious.

Thus, none of the ALJ's reasons for discrediting Plaintiff's testimony are valid. As such, the credibility finding is reversed.

C. <u>Reversal for an Award of Benefits is Warranted</u>

The determination whether to remand for further proceedings or for the payment of benefits lies within the discretion of the Court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). In most circumstances in Social Security disability cases, remand is appropriate. *See Moisa v. Barnhart*, 367 F.3d 882, 886-87 (9th Cir. 2004). This is particularly true where additional proceedings can remedy defects in the original administrative proceedings. *See Celaya v. Halter*, 332 F.3d 1177, 1184 (9th Cir. 2003) (ordering "remand to the ALJ for a proper step-four analysis").

The case before the Court is that rare case where remand for the payment of benefits is warranted. Plaintiff applied for disability benefits in December 2004, almost seven years ago. Since then, she attended two administrative hearings, followed by an unfavorable decision, appealed to this court, and the case was remanded to allow the ALJ to re-address the credibility issue. On remand, Plaintiff attended another administrative hearing and received another unfavorable decision, based, again, in part, on the fact that the ALJ found that she was not credible.

In light of the ALJ's failure to provide legally sufficient reasons for rejecting Plaintiff's testimony and Dr. Vu's opinion, the Court now credits them as true. *See Harmon v. Apfel*, 211 F.3d 1172,

1179 (9th Cir. 2000); see also Vazquez, 572 F.3d at 593-94 (applying credit-as-true rule and noting line of cases holding that rule is mandatory where claimant would be disabled if her testimony were credited). Accepting that evidence as true, the Court concludes that Plaintiff suffers from fibromyalgia and that her condition severely limits her ability to function in the workplace. Based on the vocational expert's testimony, a hypothetical person suffering from Plaintiff's impairments would not be able to sustain employment. (AR 727-28.) As such, she is disabled under Social Security law and is entitled to disability benefits.

### III. CONCLUSION

For the reasons set forth above, the Agency's decision is reversed and the case is remanded for an award of benefits.

IT IS SO ORDERED.

DATED: September 16, 2011.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\CHRISTIE, D 3448\MEMORANDUM OPINION AND ORDER.wpd